

**SILVERMAN SHIN & SCHNEIDER PLLC**
Wall Street Plaza
88 Pine Street, 22nd Floor
New York, New York  10005
212.779.8600
Facsimile: 212.779.8858

**New Jersey**
19 Engle Street
Tenafly, NJ 07670
(201) 567-4969

August 6, 2024

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Gan, et ano. v. GSUIG Real Estate Member LLC, et al.*
                Case No.:  24-cv-04234 (RER) (JAM) (the "Action")

Dear Judge Reyes,

      We write on behalf of Defendant BFC Partners LLC ("BFC Partners") pursuant to Section IV.A.2. of the Court's Individual Practice Rules to request a pre-motion conference in connection with BFC Partners' intended motion to dismiss the Complaint against it pursuant to *Fed. R. Civ. P*. 12(b).[1]

      Nature of This Action: Plaintiffs allege they are investors in a failed real estate project to develop an outlet mall on Staten Island (the "Project"), having invested in non-party New York State Empire Outlet Fund I LLC ("EB-5 Lender") whose managing member is Defendant Empire Outlet Management LLC ("EOM").  Cplt. ¶ 1.  Plaintiffs further allege that the Project was developed by BFC Partners and financed through senior loans provided by Defendants GSUIG and Webster Bank in addition to Plaintiffs' alleged loans.  *Id.*  At the heart of Plaintiffs' pleading are complaints about an Amended and Restated Subordination and Intercreditor Agreement among all Defendants except BFC Partners.  *See* Cplt. ¶¶ 30-38, 50-53, 65-66, 71-72, 78-79; Ex. 4 thereto.  The purported purpose of Defendants' alleged "collu[sion]" was "to ensure" no recovery for Plaintiffs.  *Id.* at ¶ 2.

---

[1] As with Defendants GSUIG Real Estate Member LLC ("GSUIG") and Sterling Bank n/k/a Webster Bank ("Webster Bank"), BFC Partners' time to respond to the Complaint was extended to August 14, 2024.

665247__3



## SILVERMAN SHIN & SCHNEIDER PLLC

Hon. Ramon E. Reyes, Jr.
August 6, 2024
Page 2

A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and may not properly plead only "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* However, Plaintiffs fail to make a single well-pleaded allegation of wrongdoing by BFC Partners, let alone one which ties into any of the three claims for relief against it: aiding and abetting a breach of fiduciary duty by EOM (Count 2); tortious interference with the Operating Agreement of the EB-5 Lender (Count 4); and civil conspiracy (Count 5).

Plaintiffs Fail to Plead and Cannot Plead a Legally Cognizable Claim That BFC Partners Aided and Abetted a Breach of Fiduciary Duty. To adequately plead a claim for aiding and abetting a fiduciary duty breach, Plaintiffs must allege among other things facts from which it can be reasonably inferred that BFC Partners had "actual knowledge" of EOM's purported fiduciary breach and "'knowingly induced or participated in' the breach." *See TileBar v. Glazzio Tiles*, 2024 WL 1186567*23 (E.D.N.Y. Mar. 15, 2024) ("*TileBar*"). The Complaint fails in both respects.

Simply alleging in conclusory fashion that BFC Partners "knew that EOM owed fiduciary duties" because BFC Partners had already "orchestrated the entire arrangement to obtain EB-5 financing for the development… and was involved in the formation of the EB-5 Lender" (Cplt. ¶ 56a.) does not satisfy the requirement of averring that BFC Partners had actual knowledge of EOM's fiduciary responsibilities. *See Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011) ("*Johnson*"); *see TileBar*, 2024 WL 1186567 at *20 ("the Amended Complaint does not allege that Glazzio had 'actual knowledge' of the Confidentiality Agreement. While a defendant need not be aware of the details of a contract, it must have 'actual knowledge' of the contract's existence, and conclusory allegations that a defendant knew or should have known of a contract are insufficient to plead a tortious interference of contract claim").

Nor have Plaintiffs pled particularized facts that BFC Partners "induced or participated in" the alleged fiduciary breach. *See Johnson*, 660 F.3d at 142.

A claim for aiding and abetting a breach of fiduciary duty also requires well-pled factual allegations that the alleged aider and abettor provided "substantial assistance" to the breaching party. *See TileBar*, 2024 WL 1186567 at *23 (finding allegation that

665247_3



**SILVERMAN SHIN & SCHNEIDER PLLC**

Hon. Ramon E. Reyes, Jr.
August 6, 2024
Page 3

defendant "orchestrated, aided, abetted and encouraged" defendant's misconduct conclusory). Here, Plaintiffs' allegation of substantial assistance by BFC Partners,—that it "coordinated with EOM to execute the Subordination Agreement" (Cplt. ¶ 57) to which BFC Partners is *not* a party, is wholly conclusory and thus insufficient.

Plaintiffs Fail to Plead and Cannot Plead a Legally Cognizable Claim That BFC Partners Tortiously Interfered with a Contract. "To establish tortious interference with a contract under New York law, the plaintiff must show the existence of a valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages." *High Falls Brewing Co., LLC v. Bos. Beer Corp.,* 513 F. App'x 12, 13 (2d Cir. 2013) (affirming denial of leave to amend on futility grounds). The Complaint fails in several respects to sufficiently allege a claim for tortious interference with a contract.

Plaintiffs do not plausibly plead, as required, that BFC Partners had actual knowledge of that contract. Plaintiffs merely allege that BFC Partners was "aware of the Operating Agreement."

Nor have Plaintiffs plausibly alleged intent. All Plaintiffs have alleged, in wholly conclusory fashion, is that BFC Partners purportedly "intentionally interfered" with the Operating Agreement, bereft of any factual detail. *See* Cplt. ¶ 71a. This is woefully insufficient. *See, e.g., In re Refco Inc. Sec. Litig.,* 826 F. Supp. 2d 478, 521 (S.D.N.Y. 2011) (dismissing complaint that "lack[ed] any plausible assertion that the defendants, by their actions...*intentionally induced* [the] breach") (emphasis in original).

Plaintiffs similarly fail to allege that the purported actions of BFC Partners were the "but for cause" of the fiduciary breach. *See TileBar*, 2024 WL 1186567 at *21.

Finally, Plaintiffs' claim cannot stand because they failed to, and in fact cannot, plead as required that BFC Partners "used 'wrongful means' to induce [EOM] to breach the [Operating Agreement] with Plaintiffs." Wrongful means include "physical violence, fraud, or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure," *see Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 359-60 (S.D.N.Y. 2001), none of which have been or can be factually alleged.

Plaintiffs Cannot Plead That BFC Partners Was a Party to a Civil Conspiracy. Plaintiffs' claim that the 2019 Subordination Agreement comprised a civil conspiracy to "waste" Plaintiffs' investments should be dismissed. "New York does not recognize an



## SILVERMAN SHIN & SCHNEIDER PLLC

Hon. Ramon E. Reyes, Jr.
August 6, 2024
Page 4

independent tort of conspiracy." *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 401 (2d Cir. 2006). As the Plaintiffs fail to plead any legally cognizable tort by BFC Partners, Plaintiffs' conspiracy claim against it fails as a matter of law. *See Cardona v. Cmty. Access, Inc.,* 2013 WL 304519, at *12 (E.D.N.Y. Jan. 25, 2013) ("Since plaintiffs have failed to sustain any underlying tort claims, they cannot sustain a claim for conspiracy.").

Plaintiffs also fail to offer any well-pled facts setting forth, as required, BFC Partners' intentional participation in a common scheme to achieve an unlawful objective. *See Treppel v. Biovail Corp.,* 2005 WL 2086339 *5 (S.D.N.Y. Aug. 30, 2005). "Proof of a conspiracy" requires "a *conscious commitment* to a common scheme designed to achieve an unlawful objective." (emphasis supplied) *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.,* 883 F.3d 32, 39 (2d Cir. 2018). Plaintiffs' threadbare allegations do not offer *any* facts for which it can be inferred that BFC Partners acted in furtherance of a commitment to a common unlawful scheme with the other Defendants.

Moreover, beyond parroting the requirement of "overt acts" (Cplt. ¶ 76), Plaintiffs fail to offer a well-pled averment of a single actual overt act by BFC Partners to advance a purported unlawful scheme. Nor does the Complaint contain more than general allegations in support of the asserted conspiracy, and lacks specifics such as dates, places, and circumstances of the conspiracy. *See DDR Const. Servs., Inc. v. Siemens Indus., Inc.,* 770 F. Supp. 2d 627, 659 (S.D.N.Y. 2011). The absence of overt acts as well as dates, places and circumstances also doom this claim.

For the foregoing reasons among others, BFC Partners respectfully requests leave to file a motion to dismiss the Complaint as against it.

We thank you for your time and attention to this matter.

Respectfully submitted,

*Donald F. Schneider*
Donald F. Schneider

CC: All Counsel (via ECF)

665247__3