

**REID & WISE** LLC

ATTORNEYS AND COUNSELORS AT LAW

美国锐泽律师事务所

| New York Office: | Los Angeles Office: | Shanghai Office: |
|---|---|---|
| One Penn Plaza. Suite 2015 | U.S. Bank Tower | CITIC Square, 18th Floor |
| New York, NY 10119 | 633 W 5th Street 26th Floor | 1168 W. Nanjing Rd., Jing'an Dist. |
| Phone: +1 (212) 858-9968 | Los Angeles, CA 90071 | Shanghai, China 200041 |
| www.reidwise.com | Phone: +1 (213) 223-2328 | Phone: +86 400-006-9556 |

August 21, 2024

**VIA ECF**

Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Gan et al. v. GSUIG Real Estate Member LLC et al.</u>, No. 1:24-cv-04234-RER-JAM

Dear Judge Marutollo,

Plaintiffs respectfully submit this letter in advance of the pre-motion conference scheduled for August 22, 2024 regarding the letter-motions submitted by three of the defendants ("Movants") seeking leave to file motions to dismiss plaintiffs' complaint, ECF Nos. 20, 22, 24 (collectively, the "Pre-Motion Letters") and to request a potential adjournment of the pre-motion conference pending defendant EOM's forthcoming letter-motion.[1]

Plaintiffs strongly disagree with the arguments set forth in the Pre-Motion Letters and will oppose each Rule 12(b) motion to dismiss. Plaintiffs' Complaint, construed in the light most favorable to the Plaintiffs, plainly contains sufficient factual allegations to overcome any Rule 12(b) motion to dismiss.[2] In particular, and reserving the right to fully brief any motions to dismiss

---

[1] Plaintiffs have consented to the jurisdiction of the Honorable Judge Marutollo to adjudicate the Movants' letter-motions. Plaintiffs have not yet received confirmation that all defendants have so consented. Plaintiffs understand that GSUIG will file the required consent form if and when all defendants do consent to such jurisdiction.

[2] In deciding a Rule 12(b)(6) motion, a district court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (internal quotation marks and citation omitted).

filed by defendants, Plaintiffs highlight the following responses to defendants' arguments, which should lead to denial of any motions to dismiss:

- Movants' assert that (1) claims for tortious interference under New York law require identification of specific contractual provisions to survive a motion to dismiss and (2) plaintiffs did not identify specific provisions of the Operating Agreement that were breached or tortiously interfered with by Movants (*see, e.g.,* Webster Bank Pre-Motion Letter, at 2). In fact, New York courts do not universally require identification of specific contract provisions to successfully plead tortious interference, *see, e.g.*, *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, 692 F. Supp. 3d 135, 148, FN 2 (S.D.N.Y. 2023) ("The Court does not find persuasive Village's argument that the tortious interference claim must be dismissed because the Complaint does not specifically identify the provisions of the 2019 Supply Agreement that were breached.") Notwithstanding that Plaintiffs need not identify particular contract provisions, Plaintiffs <u>have expressly identified specific contract language</u> which was breached in the Complaint, asserting that "Each of Defendants other than EOM intended to or designed to disrupt the Operating Agreement, including, but not limited to, section 4.5 thereof. . ." Compl., ¶71(a). Plaintiffs thus identified a particular provision of the Operating Agreement that was breached, satisfying the pleading requirements sufficient to overcome any motion to dismiss on the tortious interference with contract claims, including under the case law cited by Movants. *See Prepaid Ventures, Ltd. V. Paul Compton,* No. 18-CV-2102 (DLI), 2022 WL 18859053.
- Defendant GSUIG's argument that because the Operating Agreement granted EOM "broad authority," the allegation that GSUIG knew that EOM was breaching its fiduciary duties to Plaintiffs is "entirely unreasonable" (GSUIG Pre-Motion Letter, at 3) is both premature completely backwards. GSUIG's argument is an attempt to litigate the factual question of its knowledge, which is inappropriate on a Rule 12(b)(6) motion to dismiss. Moreover, its argument is contradicted by the established record. Indeed, it is "entirely unreasonable" to suppose that the Goldman Sachs affiliate GSUIG – a sophisticated financial institution wearing at least two hats in this development project (as senior lender and disbursement agent for the EB-5 loan) and intimately involved in the EB-5 financing structure from the inception of the development project – was unaware that the Manager of the EB-5 investment vehicle (EOM) owed fiduciary duties to the EB-5 investors (including Plaintiffs) as a matter of New York law and under the Operating Agreement. *See* N.Y. Ltd. Liab. Co. Law § 409(a); *Leighton v. Poltorak,* 2018 WL 2338789, at *6 (S.D.N.Y. May 23, 2018)(citing N.Y. Ltd. Liab. Co. Law § 409 in finding that plaintiffs plausibly had alleged that defendant LLC manager owed fiduciary duty or substantial equivalent). Again, these factual issues will be sorted out in discovery; at this stage, Plaintiffs' allegations suffice to defeat a motion to dismiss.
- Finally, Defendant GSUIG's argument that it could not possibly have been colluding with defendant EOM at the time of the 2019 refinancing because EOM subsequently

sued GSUIG in connection with the 2022-2023 foreclose sale (GSUIG Pre-Motion Letter, at 1) is, yet again, an improper attempt to litigate the merits of Plaintiffs' allegations on a Rule 12(b)(6) motion and is easily refuted. Initially colluding parties <u>can and often do become adverse</u> over the course of years, especially when hundreds of millions of dollars of value are taken by one party at the expense of the other, as occurred here.

Plaintiffs thus submit that this case should proceed to discovery forthwith, after which the fact-intensive issues raised by Defendants in their letters can be properly presented for resolution by way of summary judgment.

If, however, the Court were inclined to grant leave to Movants to file Rule 12(b) motions to dismiss, plaintiffs would request the following:

1) Plaintiffs request that <u>all</u> defendants, including defendant Empire Outlet Management, LLC ("EOM"),[3] be subject to the same briefing schedule and deadlines with respect to all motions to dismiss, such that Plaintiffs can respond to the motions to dismiss with an omnibus response, if feasible based on the arguments presented in the motions to dismiss; and
2) Plaintiffs believe that the Complaint does not currently require amendment to overcome the anticipated motions to dismiss, but reserve the right to amend the complaint as of right within 21 days after the anticipated motions to dismiss have been filed and served pursuant to Federal Rule of Civil Procedure 15.

Potential Adjournment of Pre-Motion Conference Pending EOM Letter-Motion

Defendant EOM has communicated via email to all parties that it will "shortly" be filing a letter-motion seeking leave to dismiss the Complaint. In the interest of judicial economy, plaintiffs would be amenable to a further adjournment of the pre-motion conference with the objective to have all defendants' potential motions to dismiss adjudicated on the same timeline, if possible.[4]

---

3 Defendant EOM initially disputed whether the service address at which it was served by Plaintiffs was sufficient. To avoid involving the Court with a service dispute, EOM consensually agreed to execute a waiver of service of summons, executed as of July 31, 2024. As a result, defendant EOM's deadline to respond to the Complaint is September 30, 2024.

4 Based on the notices of appearance for counsel filed on the docket, plaintiffs understand that counsel to all parties in this case are local to the greater New York City area and thus further adjournment of the pre-motion conference to address all defendants' pre-motion letters at the same conference should not incur significant travel or other costs to the parties.

Judge Joseph A. Marutollo
Page 4

Once all parties have filed pre-motion letters, plaintiffs would respectfully suggest that the Court either (i) set a date for a pre-motion conference involving all four defendants, (ii) deny the motions and set a discovery schedule or (iii) if the Court grants leave for the defendants to file Rule 12 motions to dismiss, set a coordinated briefing schedule such that deadlines and hearings for all four defendants can be consolidated. The parties would be happy to submit a proposed briefing schedule at the request of the Court.

      Should the Court wish to move forward with the pre-motion conference for the Movants' Pre-Motion Letters on August 22nd, plaintiffs will be prepared to address any questions from the Court regarding the Complaint or Plaintiffs' intended arguments against the potential motions to dismiss from each of the Movants.

      We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Matthew Sava

Matthew Sava
Matthew Livingston

*Counsel to Plaintiffs*

cc: Counsel of record (via ECF)